**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TAMEKA MONTGOMERY**<br>2721 N. Ringgold Street<br>Philadelphia, PA 19132<br><br>*Plaintiff,*<br><br>vs.<br><br>**SODEXO, INC. D/B/A SODEXO**<br>9801 Washington Boulevard<br>Gaithersburg, MD 20878<br><br>-and-<br><br>**THERESA BROADWAY**<br>c/o Sodexo Inc.<br>9801 Washington Boulevard<br>Gaithersburg, MD 20878<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Tameka Montgomery, by and through undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendants of the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.), Title VII of the Civil Rights Act of 1964 ("Title VII"- 42 U.S.C. § 2000e et seq.), the Family and Medical Leave Act ("FMLA"

- 29 USC 2601 et seq.) and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff was unlawfully terminated by Defendants and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2.  This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.  This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.  Plaintiff exhausted federal administrative remedies for claims under the ADA by first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a notice of right to sue.

## PARTIES

6.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.  Plaintiff is an adult individual, with an address as set forth in the caption.

---

[1] This is for notice purposes only. Plaintiff intends to amend this pleading to incorporate a claim under the PHRA once the statutory one year waiting period has passed. Claims under the PHRA will virtually mirror those brought under the ADA and Title VII.

8. Defendant Sodexo, Inc d/b/a Sodexo ("Defendant Sodexo") is believed and therefore averred to be a Delaware corporation with principal place of business at the above-captioned address.

9. Defendant Theresa Broadway ("Broadway") is believed and therefore averred to be a citizen of the Commonwealth of Pennsylvania and employed by Sodexo.

10. Broadway is subject to individual liability in this action consistent with the FMLA.[2]

11. At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Defendant Sodexo is a provider of services to third parties and placed Plaintiff to work within Penn Presbyterian Medical Center ("PPMC"), which is located at 51 N. 39th Street, Philadelphia, PA 19104.

14. Plaintiff worked for Defendant Sodexo for several years as Environmental Services Technician.

15. In that role, Plaintiff cleaned rooms in the trauma unit in addition to other duties.

16. Plaintiff had initially been terminated by Defendant Sodexo through Defendant Broadway in or about November of 2021.

---

[2] Haybarger v. Lawrence Cty. Adult Prob. & Parole, 667 F.3d 408 (3d Cir. 2012); Graziadio v. Culinary Inst. of Am., 817 F.3d 415 (2d Cir. 2016) (holding that a Director of Human Resources may be individually liable for violations of the FMLA based on the level of control the individual had over an employee's exercise of rights under the FMLA).

17. Plaintiff had previously complained internally of safety violations, inclusive of improper disposal of needles and bodily fluids.

18. Plaintiff was reinstated to work in or about early January of 2022 following some intervention from her union.[3]

19. During the course of the union intervention, at least one union representative took the position that Defendant Broadway was falsely defending herself through various assertions she made (*which is perhaps self-evident from the fact that Plaintiff was reinstated*).

20. While working at PPMC, Plaintiff's primary manager from a human resources perspective was Defendant Broadway.

21. Defendant Broadway was, *inter alia*, (a) nasty; (b) dishonest; (c) retaliatory; and (d) completely unprofessional towards Plaintiff.

22. Plaintiff suffers from, *inter alia*, depression, anxiety, and PTSD.

23. In or around the April 2022 timeframe, Plaintiff initially spoke with Defendant Broadway.

24. She explained that she would like to apply for FMLA because she was having flareups, had a history of therapy, indicated that it was hard seeing major injuries, gunshots, and death in the trauma unit, and that she was going through mental health issues.

25. Plaintiff wanted to take FMLA on an intermittent basis, using periodic days off as needed for medical reasons. This would have also been qualified leave under the ADA as a reasonable accommodation.

---

[3] The claims in this complaint do not relate to Plaintiff's initial termination from employment, but she references it for two reasons: (1) completeness and context; and (2) as an illustration of each Defendant's retaliatory pattern of conduct.

26. In response, Defendant Broadway first told Plaintiff that she needed to schedule an appointment to discuss her FMLA leave request and did not care about the type of request she was making.

27. Discouraged but undeterred, Plaintiff complied and scheduled an appointment with Defendant Broadway—effectively jumping through an extra hurdle unnecessarily and met with her later.

28. Defendant Broadway also told Plaintiff 1.) she did not think she would qualify for FMLA (*even though she did*), 2.) said she did not just give out FMLA paperwork to anyone that asked (*even though she was required to*) and 3.) she did not even want to give Plaintiff the paperwork.

29. Ultimately, Defendant Broadway relented but told Plaintiff if she failed to return the filled out FMLA paperwork within one week not to bother submitting the same at all.

30. Defendant Broadway told Plaintiff that if her FMLA paperwork was not submitted in a week, she would not even consider it.[4]

31. Plaintiff tried to get a medical appointment, but there was no way she could get a doctor's appointment within the one-week ultimatum given by Defendant Broadway.

32. It would have taken Plaintiff ***at least*** two to three weeks to get an appointment with a physician.

33. Defendant Broadway was **outrageously** disrespectful and coupled with her expressed intention to deny Plaintiff FMLA leave--Plaintiff was reasonably discouraged and otherwise felt unable to proceed with the request.

---

[4] If accepted as true this violates, *inter alia*, 29 C.F.R. § 825.313.

34. As a result, Plaintiff did not follow up with Defendant Broadway after being unable to comply with her deadline.

35. Plaintiff was unaware at the time that she had a federal legal right to take FMLA leave or that days off for a medical reason could also be an accommodation under the ADA.

36. Defendant Broadway never verbally disclosed or explained to Plaintiff her FMLA rights when she was approached.

37. At different times during Plaintiff's interactions with Defendant Broadway, she made snide comments exhibiting frustration or exasperation with her.

38. By way of example and without limitation, Defendant Broadway would say, "these young lesbians." She made similar comments at least three ("3") times in the last 6-7 months of her employment at varying times and in varying conversations.

39. When she made such comments, Plaintiff told her she was being inappropriate and disrespecting her. Plaintiff is a lesbian, and understandably found her comments (and overall treatment) to be extremely offensive.

40. Additionally, in her last six to seven months of employment, Defendant Broadway would, by way of example and without limitation:

   a. Yell at Plaintiff;

   b. Continually harass her;

   c. Walk around to see where she was or check on her; and

   d. Ask her about what she had done, where she was, or other scrutinizing questions.

41. Upon information and belief, this level of scrutiny was not applied other similarly situated employees.

42. When Plaintiff would approach Defendant Broadway (on an as-needed only basis) in her office to ask legitimate questions, she would yell and tell Plaintiff to leave her office.

43. On some occasions, when Plaintiff was mid-sentence, she would tell her, "bye bye".

44. By way of example, there was one occasion wherein Plaintiff was paid incorrectly.

45. Plaintiff approached Defendant Broadway and she did not even seem to care. In that scenario, she told Plaintiff she made "enough money", and directed Plaintiff's supervisor **not** to fix the payroll issue.

46. In a conversation sometime in the September 2022 timeframe, Defendant Broadway was making Plaintiff so emotional, she again reiterated briefly that she would be applying for FMLA soon.

47. Plaintiff's last day of actual work was on or about October 6, 2022.

48. Plaintiff's next scheduled day of work was on or about October 10, 2022, but she was unable to punch into work.

49. Plaintiff did not get to formalize her application for FMLA leave because she was removed from work effective on or about October 10, 2022.

50. Plaintiff was falsely accused of time theft with respect to how she handled her timecard and a break on or about October 6, 2022.

51. Despite explaining that Defendant Broadway was totally incorrect in her accusation, she told Plaintiff she was "done", took her badge, and had Plaintiff escorted out of the building by security in a humiliating manner.

52. Any reasonable person would have construed this as a termination from employment.

## COUNT I
## Violations of Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)
### - Against Both Defendants -

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff is believed and therefore averred to be an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

55. Plaintiff attempted to request leave for medical reasons from Defendants with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).[5]

56. Upon information and belief, Plaintiff had at least 1,250 hours of service with Defendants during the preceding twelve months.

57. Defendant is believed and therefore averred to be engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

---

[5] The FMLA **does not** require twelve months of consecutive employment. *See e.g.* Lange v. Showbiz Pizza Time, 12 F. Supp.2d 1150, 1153, n.1 (D. Kan. 1998) ("According to the regulations implementing the FMLA,. . .the twelve months 'need not be consecutive months'"); Bell v. Prefix, Inc., 422 F. Supp.2d 810, 813 (E.D. Mich. 2006), reversed on other grounds at 321 Fed. Appx. 423, 2009 U.S. App. LEXIS 7006 (6th Cir. April 2, 2009) ("the plain language of the statute does not. . .support Defendant's contention that the 12 months must be continuous"); Cox v. True N. Energy, LLC, 524 F. Supp.2d 927, 936 (N.D. Ohio 2007) (finding the statutory language "clear and unambiguous" and noting that Congress could have used the words 'consecutive' or 'continuous' if it so intended"); Thomas v. Mercy Mem'l Health Ctr., Inc., 2007 U.S. Dist. LEXIS 64184, *8-*9, (E.D. Okla. Aug. 29, 2007) (finding the statute unambiguous and that its "plain language" did not support the conclusion that the months must be consecutive or continuous); O'Connor v. Busch's Inc., 492 F. Supp.2d 736, 743 (E.D. Mich. 2007) ("there nothing in the Act that precludes Plaintiff from combining her separate periods of employment," even though the two periods were almost 20 years apart.)

58. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

59. Plaintiff was terminated under circumstances suggesting a retaliatory motive.

60. Moreover, Plaintiff was discouraged by Defendant Broadway from using FMLA leave, which also constitutes unlawful interference. *See e.g.* Ziccarelli v. Dart, 35 F.4th 1079 (7th Cir. 2022) (finding an employer can violate the FMLA by discouraging an employee from exercising rights under the statute without denying an FMLA leave request.)

61. Defendants committed clear interference and retaliation violations of the FMLA for the reasons set forth above.

62. Plaintiff has suffered damages as set forth more fully herein.

## COUNT II
### Violations of the Americans with Disabilities Act "ADA"
[1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)
-Against Defendant Sodexo-

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was terminated because of [1] actual and/or perceived disabilities; [2] record of impairment; [3] requested accommodation(s), which also constitutes unlawful retaliation.

52. Defendant Sodexo also failed to engage in the interactive process and otherwise failed to accommodate Plaintiff's request for intermittent medical leave.

53. Defendant Sodexo's management further subjected Plaintiff to a hostile work environment on the basis of her disability and/or her protected activity (which also constitutes a retaliatory hostile work environment as a matter of law).

54. These actions as aforesaid constitute violations of the ADA.

55. Plaintiff has suffered damages as set forth more fully herein.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### [1] Sexual Orientation Discrimination, [2] Retaliation and [3] Hostile Work Environment
### -Against Defendant Sodexo-

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff was subjected to harassment and discriminatory comments based on her sexual orientation.

58. Plaintiff was also subjected to disparate treatment based on her sexual orientation.

59. Plaintiff believes and therefore avers that she was terminated because of her sexual orientation.

60. Moreover, Plaintiff was subjected to retaliation for reporting to Defendant Broadway (in her capacity as a human resource person) that her comments were inappropriate.

61. Defendant Sodexo's management further subjected Plaintiff to a hostile work environment on the basis of her sexual orientation and/or her protected activity (which also constitutes a retaliatory hostile work environment as a matter of law).

62. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's

illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: May 22, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Tamika Montgomery | CIVIL ACTION |
| v. |  |
| Sodexo, Inc. d/b/a Sodexo, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/22/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2721 N. Ringgold Street, Philadelphia, PA 19132

Address of Defendant: 9801 Washington Blvd., Gaithersburg, MD 20878

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/22/2023 _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 5/22/2023 _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MONTGOMERY, TAMIKA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

SODEXO, INC. D/B/A SODEXO, ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (42USC2601); Title VII (42USC2000)

Brief description of cause:
Violations of the ADA, FMLA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/22/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print | Save As... | Reset